### KING v. THE STATE.

LUMPKIN, J. 1. There was no error in refusing to continue this case, on motion of the defendant's counsel, until the next day, to give the defendant an opportunity of getting witnesses from Waycross, by whom he claimed that he could show that "he was a guest of the Southern Hotel at Waycross on the night of the 16th of November, and by whom he could show that he left Waycross on the morning of the 17th, on the train upon which he was arrested in Valdosta." Such ground did not show what witnesses it was expected to obtain, or what they would respectively testify, or what effort, if any, had been made to obtain their presence.

2. The evidence was sufficient to support the verdict. See *Moran* v. *State,* ante.　　　　　　　*Judgment affirmed. All the Justices concur.*

Argued February 20,—Decided March 22, 1906.

Indictment for robbery. Before Judge Mitchell. Lowndes superior court. January 5, 1906.

*G. A. Whitaker,* for plaintiff in error.
*W. E. Thomas, solicitor-general,* contra.

---

### MORRIS v. THE STATE.

EVANS, J. The evidence in this case, even if sufficient to support a finding that the purse of the prosecutor was stolen by the accused, was clearly insufficient to warrant his conviction of robbery under the act of August 6, 1903 (Acts of 1903, p. 43), which declares that this offense may be committed by "the sudden snatching, taking, or carrying away" of money or other thing of value from the owner or person in possession or control thereof, without his consent. The offense proved, if any, was that of larceny from the person, committed by fraudulently and secretly taking a purse from the pocket of the prosecutor, without his knowledge, and without resort to any force or violence in making the theft. Penal Code, § 175.

*Judgment reversed. All the Justices concur.*

Argued February 20,—Decided March 22, 1906.

Indictment for robbery. Before Judge Mitchell. Lowndes superior court. January 6, 1906.

*G. A. Whitaker,* for plaintiff in error.
*W. E. Thomas, solicitor-general,* contra.